[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12094

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL RENARD ALBURY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:11-cr-00410-SDM-TBM-1

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Michael Albury, Jr., appeals the district court's denial of his request for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018,[1] which permits courts to reduce the sentences of defendants when warranted by "extraordinary and compelling reasons."  After careful review, we affirm.

In September 2012, the district court sentenced Albury to a total term of 720 months in prison after a jury convicted him of four counts of drug trafficking, *see* 21 U.S.C. § 841(a)(1), two counts of possession of a firearm in furtherance of a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A), and one count of possession of a firearm after a felony conviction, *see* 18 U.S.C. §§ 922(g), 924(e)(1).  At the time, Albury's two § 924(c) convictions were subject to mandatory consecutive sentences of 60 months and 300 months, respectively, based on § 924(c)'s enhanced-penalty provision for "second or successive" § 924(c) convictions.  *See* 18 U.S.C. § 924(c)(1)(C) (2010); *see Deal v. United States*, 508 U.S. 129, 134–35 (1993).  We affirmed Albury's convictions on appeal.  *United States v. Albury*, 782 F.3d 1285 (11th Cir. 2015).

---

[1] Pub. L. No. 115-391, 132 Stat. 5192, 5239 (2018)

In April 2021, approximately nine years into the sixty-year sentence, Albury filed a motion requesting a sentence reduction under § 3582(c)(1)(A)(i). He identified two grounds for a reduction: (1) he had a medical condition—obesity—that increased his risk of severe illness from COVID-19; and (2) § 403 of the First Step Act amended § 924(c)'s penalty enhancement to prevent its application to defendants who, like Albury, were convicted of multiple violations of § 924(c) for the first time in a single prosecution.[2] He further contended that the 18 U.S.C. § 3553(a) factors weighed in favor of relief and that he was not a danger to the community.

After the government responded in opposition, and Albury replied, the district court denied a sentence reduction. Relying on our recent decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), the court explained that the policy statement in U.S.S.G. § 1B1.13 was binding and that Albury's two asserted grounds for release did not count as extraordinary and compelling according to

---

[2] Before the First Step Act was enacted, 18 U.S.C. § 924(c) contained a "stacking" provision where, in the case of a second or subsequent conviction under § 924(c), a defendant was to be "sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i). Section 403(a) of the First Step Act amended this language so that the 25-year mandatory minimum on a second § 924(c) violation applies only when the later conviction is for a § 924(c) violation that occurs after a previous one has become final. First Step Act § 403(a). But § 403(b) explained that the amendments apply only "if a sentence for the offense has not been imposed as of [the] date of enactment" of the First Step Act: December 21, 2018. *Id.* § 403(b). Based on this language, we have held that § 403 does not apply retroactively. *United States v. Smith*, 967 F.3d 1196, 1211–13 (11th Cir. 2020).

that statement. The court also found that Albury failed to show he would not endanger the safety of any other person or the community if released. Albury now appeals.

We review *de novo* a determination about a defendant's eligibility for a § 3582(c) sentence reduction. *Bryant*, 996 F.3d at 1251. We review the denial of an eligible prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id.*; *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court retains a "range of choice," so long as it does not apply an incorrect legal standard, rely on clearly erroneous facts, or commit a clear error of judgment. *Harris*, 989 F.3d at 911–12.

Under § 3582(c)(1)(A), a district court may grant a defendant's motion for a sentence reduction, after considering the § 3553(a) factors, "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that a "reduction is consistent with applicable policy statements" in the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement is found at U.S.S.G. § 1B1.13, and, under our precedent, a district court cannot reduce a sentence under § 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13. *Bryant*, 996 F.3d at 1262.

The defendant has the burden of proving the extraordinary and compelling reasons he claims warrant a reduction. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that in the § 3582(c)(2) context, the defendant bears the burden of establishing that he qualifies for a sentence reduction). The failure

to demonstrate an extraordinary and compelling reason within the meaning of § 1B1.13 is alone sufficient to "foreclose a sentence reduction." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

The commentary to § 1B1.13 outlines medical, age, and family circumstances which may qualify as sufficiently "extraordinary and compelling." *See* U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). As relevant here, a non-terminal medical condition may be grounds for a sentence reduction if it substantially diminishes a prisoner's ability to provide self-care in custody and if it is a condition from which he is not expected to recover. *Id.*, cmt. n.1(A). While the commentary also authorizes relief for "other reasons," *id.* § cmt. n.1(D), our precedent holds that such other reasons must be determined by the Bureau of Prisons ("BOP"), not by the courts. *See Bryant*, 996 F.3d at 1262–65. In other words, a district court lacks discretion to develop other reasons outside those listed in § 1B1.13. *Id.*

We recently held that "the confluence of [a prisoner's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting compassionate release where the prisoner's medical conditions did not meet § 1B1.13's criteria. *United States v. Giron*, 15 F.4th 1343, 1346–47 (11th Cir. 2021). We found that the defendant failed to show his "high cholesterol, high blood pressure, and coronary artery disease" substantially diminished his ability to provide self-care as required by § 1B1.13, stating

that they "were manageable in prison, despite the existence of the COVID-19 pandemic." *Id.*

Here, the district court did not err in denying Albury's motion for a sentence reduction under § 3582(c)(1)(A)(i). We agree with the court that Albury did not demonstrate an "extraordinary and compelling" reason for early release consistent with § 1B1.13. *See Tinker*, 14 F.3d at 1237–38; *Bryant*, 996 F.3d at 1262–64.

First, Albury cannot obtain relief under § 3582(c)(1)(A)(i) based on the First Step Act's amendments to § 924(c)'s enhanced-penalty provision. Like Albury, the defendant in *Bryant* argued that he presented extraordinary and compelling reasons for relief because "he would not be subject to a 25-year mandatory minimum if he were sentenced today." 996 F.3d at 1250–51. We rejected this ground as not consistent with § 1B1.13, explaining that it was not a medical, age, or family circumstance outlined in the commentary, and that the BOP had not determined it was an "other reason[]" warranting relief. *See id.* at 1262–65; *see* U.S.S.G. § 1B1.13, cmt. n.(A)–(D). Accordingly, Albury's arguments based on his enhanced § 924(c) sentence are foreclosed by *Bryant*.[3]

_____

[3] Albury claims that the government waived its opposition to this issue by failing to address it below, but "parties cannot waive the application of the correct law or stipulate to an incorrect legal test." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 923 (11th Cir. 2018). Notwithstanding any deficiencies in the government's response, we must apply binding precedent like *Bryant*.

Second, the district court did not err in finding that Albury's obesity was insufficient to warrant relief. For starters, Albury's claim that the court failed to consider this ground is not supported by the record.[4] In its order, the court listed the two grounds for relief asserted by Albury, including his "fear of severe illness should he contract [COVID-19] because he is obese, which is a factor that the CDC identifies as increasing the risk of severe illness from [COVID-19]," and then concluded that "neither of these concerns is an 'extraordinary and compelling' reason warranting compassionate release." Because the court expressly considered and rejected Albury's obesity as a ground for relief, we decline Albury's request to remand for the court to address it anew.

Plus, Albury failed to show that his condition of obesity impairs his ability to care for himself while in prison. *See* U.S.S.G.§ 1B1.13; *Giron*, 15 F.4th at 1346–47. We acknowledge that, according to the CDC, Albury has a medical condition that may make a person "more likely to get severely ill from COVID-19."[5] But the same was true in *Giron*, where the defendant sought

---

[4] Albury relies on this Court's decision in *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), which held that district courts must resolve all claims for relief in the habeas context. Even assuming the rule of *Clisby* applies here as well, however, the court satisfied that rule by resolving both grounds for relief that were asserted in Albury's motion.

[5] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 6, 2022)

release based on coronary artery disease, among other conditions.[6] Still, we found that the condition was not extraordinary and compelling because it was "manageable in prison, despite the existence of the COVID-19 pandemic." *Id.* The same reasoning applies here. Albury has made no showing that his obesity is not manageable in prison, despite the COVID-19 pandemic. Nor has he taken his own steps to mitigate the risk of contracting the virus or experiencing severe symptoms by getting vaccinated against the virus.[7]

Given our precedent in *Bryant* and *Giron*, Albury has failed to demonstrate an extraordinary and compelling reason for relief consistent with the binding policy statement in § 1B1.13. Because that alone is sufficient to "foreclose a sentence reduction," we need not address the § 3553(a) factors or whether release would pose a danger to the community. *See Tinker*, 14 F.4th at 1237–38. For these reasons, the district court did not abuse its discretion when it denied Albury's motion for early release under § 3582(c)(1)(A).

**AFFIRMED.**

---

[6] *See id.*

[7] It does not appear that Albury objects to vaccination for specific moral, religious, or medical reasons. Rather, he stated that he refused vaccination based on the potential for side effects and an unspecified allergic reaction.